IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAFARRAH CLEMONS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3324 |
| | : | |
| ALAN COHEN, *et al.*, | : | |
|     Defendants. | : | |

**<u>MEMORANDUM</u>**

**SLOMSKY, J.**                                                                                                   **AUGUST 10, 2021**

      Plaintiff Chafarrah Clemons brings this *pro se* civil action against: (1) Alan Cohen; (2) Daniel Moroney; (3) Department of Homeland Security ("DHS"); (4) Department of Federal Bureau of Investigation ("FBI"); and (5) National Security Agency ("NSA"). Clemons's Complaint essentially alleges that Defendants violated her constitutional rights by targeting her for abuse and harassment. (ECF Nos. 1, 3.) Clemons seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Clemons leave to proceed *in forma pauperis*, and dismiss her Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

      Clemons attached as an exhibit to her Complaint a series of letters dated August 26, 2019, October 21, 2020, and July 23, 2021, that set forth the factual basis for her claims. (*See* ECF No. 1-1 at 1-6.)[2] Clemons contends that she was targeted for harassment "by state and local police officials" in Philadelphia, Pennsylvania and Mobile, Alabama beginning in 2015. (*Id.* at 3.) She asserts that her home has been broken into, her mobile phone "compromised," her email

---

[1] The following facts are taken from the Complaint and the exhibits attached to the Complaint.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

account hacked, her mail stolen, her vehicle vandalized, and her bank accounts and unemployment benefits "compromised." (*Id.* at 3-4.) Clemons alleges that she has suffered physical and psychological abuse in the form of "electromagnetic harassment," "electronic surveillance," "isolation tactics," and has been "hit with energy weapons." (*Id.* at 4.) She asserts that the Defendants were named because they are "known to have had any association with me during these times of attack" and are "solely responsible for this crime." (*Id.* at 5.)

Specifically, Clemons claims that while living in Philadelphia in November 2015, she ended her friendships with Defendants Cohen and Moroney due to "inappropriate behavior" and DHS began targeting her. (*Id.* at 1.) Clemons alleges that she was a "suspect of a terrorism investigation" that also involved the FBI and was orchestrated by Defendants Cohen and Moroney "for reasons to believe a website they claim I had been viewing, which was not intended to cause harm to anyone." (*Id.*) Clemons contends that she was threatened in public and in her home, and as a result of the targeting, became unemployed and impoverished. (*Id.*) She claims that she "was constantly harassed, [subjected to] surveillance and intimidated." (*Id.*) She feared for her life and moved to Mobile, Alabama in May 2017 where the targeting continued. (*Id.* at 1-2.) For example, while working at Dillard's department store, Clemons was "constantly attack[ed], harassed, and [subjected to] surveillance by [the] management team and some other source." (*Id.*) After five months of "constant abuse at work," she lost her job and was evicted from her apartment. (*Id.*) In January 2018, Clemons began living with a family member and alleges that she experienced electronic harassment which caused physical and psychological trauma. (*Id.*)[3]

---

[3] Clemons alleges:

In October 2019, Clemons commenced an action in federal District Court in Mobile, Alabama against the same named Defendants herein, raising the same allegations. (*Id.* at 6.)[4] According to Clemons, the targeting escalated after she filed suit. (ECF No. 1-1 at 6.) For example, she claims that her mail was tampered with and her mobile phone was hacked. (*Id.*) Clemons further claims that she was incarcerated from November 2019 through May 2020, and "even placed in a mental institution due to my incarceration." (*Id.*) Clemons suggests that she was targeted for abuse as a form of punishment for a crime that she did not commit. (*Id.*) She further alleges that "this crime was motivated by hate to discredit, defame me ruin my reputation and to handicap me from detaching myself from a previous friendship I once had with Alan Cohen and Daniel Moroney." (*Id.*)

Clemons asserts that she moved back to Philadelphia in July 2021 "for safety and protection from this unlawful abuse and crime." (*Id.* at 3.) She asks this Court to "open a full federal investigation." (*Id.*) She alleges that Defendants' actions have caused memory issues,

---

> After two months of being at my aunt['s] house, I . . . [started] to experience Electronic harassment and Electromagnetic attack and torture, in various ways. I experience[d] Microwave, Auditory effect, like radiation, a radar of sound being transmitted to my skull. I experience[d] some type of shock by some weapon known to be an energy weapon. I witness[d] constant policing activities in public spaces, as form of harassment, intimidation, and threatening behavior. I also experience[d] some type of Remote Neuromonitoring, with sleep interference, throughout all my various situation[s] of torture.

(ECF No. 1-1 at 2.) She also claims that she was sexually assaulted in August 2018 "as part of my targeting." (*Id.*)

[4] On March 23, 2020, the Alabama matter was dismissed without prejudice for failure to comply with the court's Orders and for failure to prosecute. (*Clemons v. Cohen, et al.*, Civ. A. No. 19-745 (S.D. Ala.) ("*Clemons I*") at ECF Nos. 7-9.) Clemons filed a motion to reopen the case on March 26, 2021, which was later denied. (*See Clemons I* at ECF Nos. 14, 15.) Clemons included selected pages from her pleadings in *Clemons I* in the Exhibit attached to the Complaint she filed with this Court. (*See* ECF No. 1-1 at 7-11.)

confusion, anxiety, and depression. (ECF No. 1 at 4.) Clemons also seeks $300,000,000 in damages. (*Id.*)[5]

## II. STANDARD OF REVIEW

The Court will grant Clemons leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, the Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Clemons is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[5] On July 27, 2021, Clemons filed an additional exhibit to her Complaint that is comprised of letters dated July 22, 2021 and July 26, 2021. (*See* ECF No. 3.) It also includes the same October 20, 2020 letter previously attached as an Exhibit to her Complaint. (*See id.*) The allegations contained in ECF No. 3 repeat the allegations set forth in the Complaint.

**III.    DISCUSSION**

It appears from Clemons's Complaint that she seeks to pursue this matter as a civil rights case.  Accordingly, the Court will construe the Complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[6]

Nevertheless, Clemons may not proceed on her claims because her allegations are wholly incredible and lack a basis in fact.  As discussed above, Clemons generally alleges violations of her constitutional rights due to a targeting effort by Defendants.  Specifically, she claims that two individuals and several government agencies have abused her for over five years in two cities in the form of "electromagnetic harassment," "electronic surveillance," "isolation tactics," and that she has been "hit with energy weapons."  (*See* ECF No 1-1 at 4.)  These allegations are wholly incredible.  *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (per curiam) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Price v. Fed. Bureau of Investigation*, Civ. A. No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Jorge v. Torres*, Civ. A.

---

[6] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)).

There are other defects in Clemons's claims. Even assuming *Bivens* applies in this context,[7] sovereign immunity bars Clemons's claims against Defendants DHS, FBI, and NSA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.").

Clemons also has failed to plausibly allege any facts demonstrating that Defendants Cohen or Moroney are state officials subject to suit under 42 U.S.C. § 1983 and has not otherwise set forth a basis to hold them liable under that statute. *See, e.g., Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("[T]o state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor.").[8] Furthermore, even assuming *arguendo* that Defendant Cohen and Defendant Moroney are state actors, Clemons has not plausibly pled that either individual was personally involved in the

---

[7] *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity"); *Vanderklok*, 868 F.3d at 199 (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action").

[8] It appears that in *Clemons I*, Clemons listed the address of the Philadelphia Police Department's 9th District Headquarters as Defendant Moroney's address. (*See* ECF No 1-1 at 10.)

alleged constitutional violations. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable).

Additionally, to the extent that Clemons requests this court to "open a full federal investigation" into her claims, the Court cannot provide the remedy she seeks. *See Millhouse v. Levi*, 267 F. App'x 140, 141 (3d Cir. 2008) (per curiam) (affirming dismissal of plaintiff's "Motion for Court to Investigate []" because, *inter alia*, "there is no federal right to require the government to initiate criminal proceedings.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Berrigan*, 482 F.2d 171, 173-74 (3d Cir. 1973)). To the extent Clemons seeks further redress in the Alabama matter, *see* ECF 1-1 at 6, she must pursue such remedy in that court. The Court will not address any additional defects in light of the dismissal of the Complaint for lack of a factual basis.

Reading the Complaint as a whole, the Court concludes that Clemons's allegations lack a factual basis and do not support any plausible constitutional claim. Therefore, the Court will dismiss the Complaint in its entirely as lacking a basis in fact. *See Price v. Fed. Bureau of Investigation*, 845 F. App'x 106, 108 (3d Cir. 2021) (per curiam).

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Clemons leave to proceed *in forma pauperis* and dismiss her Complaint. Clemons will not be permitted to file an amended

complaint because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An appropriate Order follows.

               **BY THE COURT:**

               /s/Joel H. Slomsky, J.
               **JOEL H. SLOMSKY, J.**